JOSEPH J. GARIBALDI v. MAX TAUB.

Argued October term, 1924—Decided February 13, 1925.

Sale of Real Estate—Broker's Commissions—Alleged Exchange Rather Than Sale—Consideration Involved Both Money and Mortgages—Contract of Sale Placed Money Value for "Purposes of the Contract"—This is Sufficient Evidence of Value.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the plaintiff, *Morris Umansky* (*Julius Lichtenstein,* of counsel).

For the defendant, *J. Raymond Tiffany.*

PER CURIAM.

This action was brought in the District Court of Hoboken to recover broker's commissions for negotiating the sale of certain realty. The judgment was for plaintiff for $452.34. The contract was as follows:

"In consideration of your listing and undertaking to sell the premises described on the other side for the sum of $12,000, or any other sum which I may accept, I hereby authorize you to sell the same, and agree to pay you three and one-half per cent. of the purchase price as commission upon procuring a purchaser. I also agree to give you the sole and exclusive right to sell the within premises for a term of three months, and further agree that your exclusive right to sell shall not terminate at the expiration of the said term unless I notify you to that effect.

MAX TAUB."

The first point urged for reversal is that the contract negotiated was one of exchange and not of sale, and that the plaintiff had no written authority to effect an exchange of the property.

The transaction as consummated involved both money and mortgages, and was therefore a sale, and not the technical common law exchange contemplated by the statute. *Haber* v. *Goldberg,* 92 *N. J. L.* 367.

It is next urged that the defendant's liability for commissions is less than the amount awarded by the trial court. The defendant argues that there is no evidence of the price or value of the realty upon which to calculate commissions. The broker's contract was to sell for $12,000, or any other sum acceptable to defendant. The contract of sale places the value of the property, "for the purpose of the contract," at $12,000. There was in this mutual admission sufficient evidence upon which to base the finding of the trial court that the property was valued at $12,000.

The judgment will therefore be affirmed.